**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **ENERGY & ENVIRONMENT LEGAL INSTITUTE**<br>**722 12th St., NW, 4th Floor**<br>**Washington, D.C. 20005**<br><br>**FREE MARKET ENVIRONMENTAL**<br>  **LAW CLINIC**<br>**9033 Brook Ford Road**<br>**Burke, Virginia, 22015**<br><br>       **Plaintiffs,**<br><br>     **v.**<br><br>**UNITED STATES DEPARTMENT OF**<br>  **ENERGY**<br>**1000 Independence Avenue, SW**<br>**Washington, D.C. 20585**<br><br>       **Defendant.** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)    **Civil Action No. 16-447**<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

Plaintiffs ENERGY & ENVIRONMENT LEGAL INSTITUTE ("E&E Legal") and FREE

MARKET ENVIRONMENTAL LAW CLINIC ("FME Law") for their complaint against

Defendant UNITED STATES DEPARTMENT OF ENERGY ("the Department" or "DoE"),

allege as follows:

1.    This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, to

        compel production of records in response to two FOIA requests sent on January 19,

        2016 and February 3, 2016, to which DoE has not sent the required responses in

1

accordance with *Citizens for Responsibility & Ethics in Washington v. FEC*, 711 F.3d 180 (D.C. Cir. 2013). See Exhibits A and B.

3. Plaintiffs requested fee waivers as provided by FOIA, due to the public interest in the information the records address, and the media and educational status of each requester.

4. DoE has acknowledged receipt of plaintiffs' second request, which it assigned tracking  # HQ-2016-00449-F. It later granted the request for a fee waiver and said a search would be conducted in the future.  However, DoE did not estimate the volume of responsive records, or the FOIA exemptions which might apply to such records, or the timeframe during which plaintiffs could expect a response.

5. DoE has not responded to the plaintiffs' first request.

6. Accordingly, plaintiffs file this lawsuit to compel the Department of Energy to comply with the law and produce properly described public records in both FOIA requests.

### PARTIES

7. Plaintiff Energy & Environment Legal Institute (E&E Legal) is a nonprofit research, public policy and public interest litigation center incorporated in Virginia which works to promote the ethos of limited governmental regulation and increased transparency by the government to its citizens.  E&E Legal's programs include analysis, publication and a transparency initiative seeking public records relating to environmental and energy policy and how policymakers use public resources.

8. Plaintiff Free Market Environmental Law Clinic (FME Law) is a nonprofit research, public policy based, and public interest litigation center incorporated in Virginia, with its principal place of business located in Fairfax County.  FME Law is dedicated to

working towards efficient, free market-based solutions to environmental problems, with

limited governmental interventions.  FME Law's programs include research, publication

litigation, transparency efforts, and training young lawyers and law students in

advocacy and administrative law practice.

9.   Defendant Department of Energy is a federal agency headquartered in Washington, DC.

## JURISDICTION AND VENUE

10.   This Court has jurisdiction pursuant to 5 U.S.C. § 552(a)(4)(B), because this brought in

the District of Columbia, and because plaintiffs and the defendant all maintain offices in

the District. Furthermore, jurisdiction is proper under 28 U.S.C. § 1331, because the

resolution of disputes under FOIA presents a federal question.

11.   Venue in this court is proper under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e)

because FOIA grants the District Court of the District of Columbia jurisdiction, and

because defendant is a federal agency.

## FACTUAL BACKGROUND

12.   In their separate January and February requests for public records, plaintiffs requested

copies of all email, text message, and other correspondence involving certain named

DoE employees, which correspondence was with or which referenced certain outside

actors. Plaintiffs also requested copies of those employees' calendars and call logs. See

Exhibits A and B.

13.   Plaintiffs narrowly tailored their requests to involve only records of four named

employees of the Department of Energy.

14.  Plaintiffs further narrowed their requests to include only records from January 1, 2015 to
the date the requests are processed, in order to minimize any burden on DoE.

**Defendant's Reply and Subsequent Proceedings**

15.  Defendant owed a response to plaintiffs within 20 working days from each request.

16.  Defendant has provided no reply to plaintiffs' first request, dated January 16, 2016.

17.  Defendant's letter dated March 1, 2016, sent at the deadline for providing a substantive
response to plaintiffs' second request and styled as an "interim response", merely
asserted that a search would be performed in the future.

18.  For both requests, therefore, defendant has failed to comply with its obligations under
*Citizens for Responsibility & Ethics in Washington v. FEC*, 711 F.3d 180 (D.C. Cir.
2013), which requires an agency provide either responsive records, or an estimate of the
volume of records, and schedule of production and what exemptions the Department
might claim under FOIA, within that 20-day timeframe.

19.  For both requests, DoE has yet to produce responsive documents to the plaintiffs, or
otherwise comply with *Citizens for Responsibility & Ethics in Washington v. FEC*, 711
F.3d 180 (D.C. Cir. 2013).

20.  By failing to respond to plaintiffs' requests in the required time in violation of statutory
deadlines, defendant has missed its statutory deadlines to substantively respond, failed to
act as promised, and by this inaction, also waived any ability to now seek fees.

21.  Plaintiffs have constructively and actually exhausted the administrative process as
regards these requests, both because of DoE's failure to abide by FOIA's statutory

deadlines, and because DoE has not properly advised plaintiffs of the finality of its

decisions or any relevant appellate rights.

## **LEGAL ARGUMENTS**

22. Transparency in government is the subject of high-profile promises from the president

    and attorney general of the United States arguing forcefully against agencies failing to

    live up to their legal record-keeping and disclosure obligations.

23. Under the Freedom of Information Act, after an individual submits a request, an agency

    must determine within 20 working days after the receipt of any such request whether to

    comply with such request. 5 U.S.C.S. § 552(a)(6)(A)(i). Under *Citizens for Responsible*

    *Ethics in Washington v. Federal Election Commission*, 711 F.3d 180, 186 (D.C. Cir.

    2013), that response must provide particularized assurance of the scope of potentially

    responsive records, including the scope of the records it plans to produce and the scope

    of documents that it plans to withhold under any FOIA exemptions. This 20-working-

    day time limit also applies to any appeal. § 552(a) (6)(A)(ii).

24. U.S. Code 5 U.S.C.S. § 552(a)(6)(A) proclaims that the 20-day time limit shall not be

    tolled by the agency except in two narrow scenarios: The agency may make one request

    to the requester for information and toll the 20-day period while it is awaiting such

    information that it has reasonably requested from the requester, § 552(a)(6)(A)(ii)(I),

    and agencies may also toll the statutory time limit if necessary to clarify with the

    requester issues regarding fee assessment. § 552(a)(6)(A)(ii)(II).  In either case, the

    agency's receipt of the requester's response to the agency's request for information or

clarification ends the tolling period.  DoE did not seek additional information from plaintiffs regarding the requests at issue in this suit.

25. In *Bensman v. National Park Service*, 806 F. Supp. 2d 31 (D.D.C. 2011) this Court noted: "[The effect of] 2007 Amendments was to impose consequences on agencies that do not act in good faith or otherwise fail to comport with FOIA's requirements. See S. Rep. No. 110-59.  To underscore Congress's belief in the importance of the statutory time limit, the 2007 Amendments declare that '[a]n agency shall not assess search fees… if the agency fails to comply with a*ny time limit'* of FOIA" (*emphasis added*).

26. Defendant Department of Energy owes plaintiffs records responsive to the requests at issue in this suit, which requests reasonably described the information sought and was otherwise filed in compliance with applicable law, subject to legitimate withholdings, and has failed to provide responsive records or any substantive response in violation of statutory deadlines.

27. Further, should the Department of Energy cross-complain or otherwise argue that its failure to perform is because it is due fees, plaintiffs note that defendant has waived fees and/or waived its ability to assess fees under § 552(a)(4)(A)(viii) by failing to substantively respond to plaintiffs within the statutory deadline(s), or by its affirmative waiver in the March 1, 2016 correspondence.  The Department, therefore, has waived all fees and must produce the requested documents as required by law.

## **FIRST CLAIM FOR RELIEF**
### **Seeking Declaratory Judgment**

28. Plaintiffs re-allege paragraphs 1-27 as if fully set out herein.

29. Plaintiffs have sought and been denied production of responsive records reflecting the conduct of official business, because defendant has failed to substantively respond pursuant to *Citizens for Responsibility & Ethics in Washington v. FEC*, 711 F.3d 180 (D.C. Cir. 2013).

30. Plaintiffs ask this Court to enter a judgment declaring that:

    a.    DoE's correspondence as specifically described in plaintiffs' FOIA requests is subject to release under FOIA;

    b.    The Department must release those requested records or segregable portions thereof subject to legitimate exemptions;

    c.    The Department may not assess or seek costs and fees for the requests at issue in this case, as plaintiffs are entitled to a waiver of their fees.

## SECOND CLAIM FOR RELIEF
### Seeking Injunctive Relief

31. Plaintiffs re-allege paragraphs 1-30 as if fully set out herein.

32. Plaintiffs are entitled to injunctive relief compelling defendant to produce all records in its possession responsive to plaintiffs' FOIA requests, without fees, subject to legitimate withholdings.

33. Plaintiffs ask the Court to order the defendant to produce to plaintiffs, within 10 business days of the date of the order, the requested records described in plaintiffs' FOIA requests, subject to legitimate withholdings.

34. Plaintiffs ask the Court to order the Parties to consult regarding withheld documents and to file a status report to the Court within 30 days after plaintiffs receive the last of the

produced documents, addressing defendant's preparation of a *Vaughn* log and a briefing

schedule for resolution of any remaining issues associated with plaintiffs' challenges to

defendant's withholdings and any other remaining issues.

### THIRD CLAIM FOR RELIEF
### Seeking Costs and Fees

35.  Plaintiffs re-allege paragraphs 1-34 as if fully set out herein.

36.  Pursuant to 5 U.S.C. § 552(a)(4)(E), the Court may assess against the United States

reasonable attorney fees and other litigation costs reasonably incurred in any case under

this section in which the complainant has substantially prevailed.

37.  Plaintiffs are statutorily entitled to recover fees and costs incurred as a result of

defendant's refusal to fulfill the FOIA requests at issue in this case.

38.  Plaintiffs ask the Court to order the defendant to pay reasonable attorney fees and other

litigation costs reasonably incurred in this case.


    WHEREFORE, plaintiffs request the declaratory and injunctive relief herein sought, and

an award for their attorney fees and costs and such other and further relief as the Court shall

deem proper.

        Respectfully submitted this 7th day of March, 2016,

                    _____/s/_____

                    Matthew D. Hardin, Plaintiffs' Counsel
                    D.D.C. Bar No. VA87482
                    314 West Grace Street, Suite 304
                    Richmond, VA 23220
                    Telephone: 804-608-6456
                    Email: MatthewDHardin@gmail.com